# UNITED STATES DISTRICT COURT

for the

DISTRICT OF COLORADO

| | |
|---|---|
| WILEY LONG and<br>PALEO DIET ENTERPRISES, LLC, a<br>Colorado Limited Liability Company | )<br>)<br>)<br>) |
| Plaintiffs | ) |
| | )    Civil Action No. 1:13-cv-3475 |
| v. | )<br>) |
| LOREN CORDAIN, and<br>THE PALEO DIET, LLC, a Colorado Limited<br>Liability Company, | )    Jury Trial Demanded<br>)<br>)<br>) |
| Defendants. | ) |

## COMPLAINT

Plaintiff, Wiley Long, by and through his undersigned counsel, states as his

Complaint against the Defendants and alleges as follows:

## GENERAL ALLEGATIONS

1.      **Statement of Jurisdiction**.  Plaintiff, acting on behalf of Paleo Diet

Enterprises, LLC, is *the* owner of the a number of trademarks, logos and federally

registered trademarks and the website Paleo Diet.com which are recognized

around the world and are closely associated with the products and services of

Paleo Diet Enterprises, LLC.

2.      Plaintiff, Wiley Long, is an owner of a forty-five percent (45%) interest in Paleo Diet Enterprises, LLC before it was wrongfully dissolved or attempted to be dissolved by Defendant, Loren Cordain.

3.      As a result of the actions of Defendant Loren Cordain both individually and as manager of his alter-ego, The Paleo Diet, LLC, as described below has suffered injury and damages by reason of the acts below which acts are made actionable in a lawsuit by 15 U.S.C. § 1125 (a) [The Lanham Act §43(a)] brought by a person claiming injury thereunder.

4.      Paleo Diet Enterprises, LLC is the owner of federal registered trademarks are 3587956 (77199254) and 3591218 (77976582) for educational services and book respectively.  These marks are currently registered (wrongfully) to Paleo Diet, LLC but are otherwise properly owned by Plaintiff Paleo Diet Enterprises, LLC.  True and correct copies of the registrations and applications and assignment records are attached hereto as Exhibit 1.  These registrations are valid, subsisting, and in full force and effect.

5.      In an effort to trade on the enormous popularity of the Paleo Diet Enterprises logos and trademark, Defendants wrongfully transferred the trademarks, appropriated the logos and transferred the website for The Paleo Diet, belonging to Paleo Diet Enterprises, LLC, to himself and his alter-ego company , The Paleo Diet, LLC.  In so doing Defendants are willfully violating Plaintiff's intellectual property rights in a deliberate effort to trade on Paleo Diet Enterprises, LLC's hard-earned reputation and goodwill.  Defendants are thus creating

consumer confusion, competing unfairly with Plaintiff and infringing Plaintiff's trademark rights and to Plaintiff Wiley Long's investment in Paleo Diet Enterprises, LLC.

6.      Plaintiff, Paleo Diet Enterprises, LLC therefore brings this action for trademark infringement under Section 32(1) of the Federal trademark (Lanham) Act, 15 U.S.C. § 1114(1); unfair competition and Plaintiff Wiley Long brings this action false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## JURISDICTION AND VENUE

7.      **Subject Matter Jurisdiction**.  This Court has subject matter jurisdiction under 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338(a).

8.      **Personal Jurisdiction**.  This court has personal jurisdiction over the parties because Defendants principal place of business is within this District, Defendants have imported, distributed, offered for sale, sold, or shipped merchandise and supplied service to persons within this District, and Defendants regularly transact and conduct business within this District sufficient to permit the exercise of personal jurisdiction including the fact that Defendant Loren Cordain is a resident of this District and Defendant Paleo Diet, LLC is organized under the laws of the state of Colorado in this District.

9.      **Venue**.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(a), (b) and (c) because a substantial part of the acts or omissions giving rise to

Plaintiff's claim occurred in this District and Defendants have sufficient connection with the District of Colorado to make venue proper in this District.

## PARTIES

10.    Plaintiff Wiley Long ("Plaintiff") is a Colorado resident and he resides in Fort Collins, Colorado.

11.    Defendant Loren Cordain ("Defendant Cordain") is a Colorado resident and he resides at 6209 Clymer Circle, Fort Collins, Colorado.

12.    Plaintiff Paleo Diet Enterprises, LLC (the "Company") is a Colorado limited liability company with its principal place of business at 6209 Clymer Circle, Fort Collins, Colorado.

13.    Plaintiff and Defendant Cordain are the only members of the Company at all relevant times.  Plaintiff has a 45% membership and ownership interest and Defendant Cordain has a 55% membership and ownership interest in The Company.

14.    Defendant The Paleo Diet, LLC is a Colorado Limited Liability Company with its principal place of business at 6209 Clymer Circle, Fort Collins, Colorado (Defendant TPD).

15.    Defendant Cordain is the registered agent of Defendant TPD.  Upon information and belief, Defendant Cordain is the owner of Defendant TPD and is the manager or otherwise controls Defendant TPD.

16.    Defendant Cordain authored a book called "The Paleo Diet", a book showing the benefits of following a diet based on paleolithic research.

17.     Subsequently, Plaintiff and Defendant Cordain agreed to operate a business, the Company, to market and sell the Paleo Diet plan and related products and services.

18.     Pursuant to that agreement, Plaintiff and Defendant Cordain executed an Operating Agreement for the Company on or about January 1, 2007.

19.     Plaintiff and Defendant Cordain agreed that Plaintiff would manage, develop, market and promote the business while Defendant Cordain would continue researching, writing and giving lectures on the paleo diet and related concepts on behalf of the business.

20.     For his membership interest in the business, Defendant Cordain contributed an "exclusive worldwide license to develop, market and sell products and services based on research and prior written work of Loren Cordain relating to all of the nutritional and dietary information and know-how generally described as the "Paleo Diet" and a non-exclusive worldwide license to use Dr. Cordain's name and likeness in connection with such products and services (collectively, the "Paleo Diet Rights")".

21.     As manager of the Company, Plaintiff built and developed the business, including but not limited to, starting and publishing a widely read and highly acclaimed newsletter, building a creative and administrative team, creating a profitable coaching program, creating and building websites (including content creation, search engine optimization and traffic maximation, ability to take internet orders and payment, etc.), developing various information products, developing

order fulfillment systems, developing social media marketing platforms, building customer and subscriber list to thousands of members, and developing various business systems to track progress and results.

22.     Paleo Diet Enteprises, LLC designed, marketed, sold and sells a broad range of products using the Paleo Diet trademarks and websites (including the PaleoDiet.com).  These activities of Defendants are likely to create confusion as to the source of the goods and services bearing the Paleo Diet trademarks and logos. Consumers are likely to believe that Defendants website and products are associated with Plaintiffs virtually identical marks, website and logos.  Such confusion is likely to damage Plaintiffs and cause the Company to lose revenue and profits and Plaintiff Long to lose the value of his investment.

## DEFENDANTS' UNLAWFUL ACTIVITIES

23.     On or about October, 2009, the actions of Defendant Cordain forced Plaintiff to resign as manager of the Company but he remained as a member. Defendant Cordain became sole manager of the Company.

24.     As manager and majority owner of the Company, Defendant Cordain had certain contractual and legal obligations and duties to Plaintiff and the Company.

25.     Defendant Cordain breached his contractual and fiduciary obligations to Plaintiff and the Company, including but not limited to, failing and refusing to provide timely financial and business information and reports to Plaintiff, failing and refusing to provide a full accounting to Plaintiff, failing to develop, market

and manage the business to the extent required as sole manager, and failing to act in good faith in the management of the business and as majority owner.

26.     After becoming sole manager of the Company on or about October, 2009, Defendant Cordain failed and refused to provide full and complete financial or business information or reports, except one very limited financial statement provided on or about March 11, 2011 that did not even include an income statement, despite Plaintiffs repeated requests and demands.  Defendant Cordain has failed and refused Plaintiff access to the Company's records, in violation of Article 11 of the Operating Agreement and Colorado law and has failed to provide a full accounting of the Company's business.

27.     Defendant Cordain also refused and failed to act in good faith and to properly manage the business, including but not limited to, failing to continue the newsletters on a regular basis, failing to continue the social media promotions that were in place, failing to follow up on business opportunities, failing to take reasonable action to further promote, market or otherwise further the business or to take any action on the business plan developed by Plaintiff.

28.     Defendants Cordan and The Paleo Diet, LLC competed with the Company (Paleo Diet Enterprises, LLC) by, *inter alia*, personally engaging in speaking engagements about the Paleo Diet that should have been done in the Company's name (and retaining all such engagement fees and related benefits for his own personal use and enjoyment) .  Such competition damaged Plaintiff Wiley Long by

diminishing, if not destroying, the value of his financial interest in Paleo Diet Enterprises, LLC.

29.   Defendant Cordain ceased some business operations after Plaintiff resigned as manager.

30.   Upon information and belief, Defendant Cordain also breached his duty of loyalty and to act in good faith and fair dealing by failing to account to the Company and hold as trustee any profit or benefit they derived from any Company asset, self-dealing, failing to not appropriate Company opportunities and failing to refrain from competing with the Company by, *inter alia*, by improperly using the Company's Paleo Diet Rights for his own personal gain and benefit and in violation of the Operating Agreement, without Plaintiff's knowledge or consent, when he co-authored and published a book, "The Paleo Diet Cookbook", that was based on his research on the "Paleo Diet" relating to the nutritional and dietary information and know-how.

31.   On or about December 31, 2010 at 10:12 am, Defendant Cordain unilaterally shut down the business and filed for dissolution without Plaintiff's consent.

32.   On or about December 31, 2010 at 11:11 am, Defendant Cordain formed a new entity, Defendant The Paleo Diet, LLC, with the Colorado Secretary of State, using his home address as the entity's business address.  Upon information and belief, Defendant Cordain is the sole owner of The Paleo Diet, LLC and he commingled funds and assets with The Paleo Diet, LLC.

33.     On or about June 6, 2007, the Company filed the mark, Paleo Diet, Serial Number  77975293, with the United States Patent and Trademark Office (USPTO) in the category of Good and Services: Dietary and nutritional supplements; dietary supplements which was published for opposition on or about April 22, 2008.  On or about December 31, 2010, Defendant Cordain had the Company's mark assigned to Defendant TPD without Plaintiff's knowledge or consent, which was recorded with the USPTO on or about January 4, 2011.  Subsequently, on or about August 15, 2011, Defendant TPD abandoned the mark.

34.     On or about June 6, 2007, the Company filed the mark, Paleo Diet, Serial Number 77975293, with the United States Patent and Trademark Office (USPTO), Registration Number 3591218, registered March 17, 2009, in the category of Good and Services: Books in the field of health, disease, diet and nutrition.  On or about December 31, 2010, Defendant Cordain had the Company's mark assigned to Defendant TPD without Plaintiff's knowledge or consent, which was recorded with the USPTO on or about January 4, 2011.

35.     On or about June 6, 2007, the Company filed the mark, Paleo Diet, Serial Number 77199254, with the United States Patent and Trademark Office (USPTO), Registration Number 3587956, registered March 10, 2009, in the category of Good and Services: Education services, namely, providing seminars in the fields of health, disease, diet and nutrition and Providing consultation in the fields of health, disease, diet and nutrition.  On or about December 31, 2010, Defendant Cordain had the Company's mark assigned to Defendant TPD without Plaintiff's

knowledge or consent, which was recorded with the USPTO on or about January 4, 2011.

36.     Defendant Cordain transferred, sold and/or assigned all or substantially all the Company's assets to himself and/or to Defendant TPD (which upon information and belief, is Defendant Cordain's alter ego), including but not limited to, Colorado registered trademarks 20061432745 and 20061415843, in violation of Section 9.01 of the Operating Agreement and his duties of loyalty and good faith and fair dealing, without Plaintiffs knowledge or consent, and at no or unreasonably low prices without seeking or obtaining fair market value for such assets.

37.     Defendant Cordain had his company, Defendant TPD, take over the Company's website, trademarks, assets and its operations on or about January 1, 2011, without Plaintiff's knowledge or consent.

38.     On or about January 25, 2011, Plaintiff demanded that Defendant Cordain provide a written plan of dissolution, and a plan to auction off the business, for Plaintiff's approval, as required by the Operating Agreement.

39.     By letter dated on or about February 3, 2011, Defendant Cordain, through his attorney, stated that the company "had no intellectual property", without disclosing that he had already assigned and transferred certain trademarks and the websites owned by the Company to his own company, Defendant TPD, and that it would take longer than 25 days to liquidate the Company's assets.

40.     By letter dated on or about March 11, 2011, Defendant Cordain, through his attorney, submitted the Plan of Dissolution and Bill of Sale to Plaintiff's counsel.

41.     The Plan of Dissolution, dated February 15, 2011, and Bill of Sale, dated effective February 28, 2011, was prepared and executed without Plaintiff's knowledge or consent, in violation of the Operating Agreement and of Defendant Cordain's legal obligations.

42.     The Bill of Sale sold certain of the Company's assets to Defendant Cordain's entity, Defendant The Paleo Diet, LLC, leaving the Company insolvent. The Bill of Sale did not include the trademarks registered with the USPTO that Defendant Cordain assigned on December 31, 2010.

43.     The Plan of Dissolution and Bill of Sale, both of which were executed by Defendant Cordain, stated that the Company's only intangible asset was its Colorado registered trademark (which was sold under the Bill of Sale for its cost of $470), omitting the trademarks that were registered with the USPTO that Defendant Cordain had already assigned to his company, Defendant TPD.

44.     After dissolving the Company, Defendant Cordain took little or no action to reasonably and properly wind up the Company, including failing to properly collect and identify all of its assets, failing to retain a third party or take other reasonable and necessary actions to properly market and sell the Company's assets (including failing to retain a business broker or an auctioneer) and obtain fair

market value for its assets, failing to hold and act as trustee for the Company's assets during dissolution and winding up.

45.     Defendant Cordain also wrongfully cancelled, revoked and/or let the valuable Paleo Diet Rights lapse or otherwise failed to market and sell the Paleo Diet Rights either before or after dissolution and, upon information and belief, wrongfully retained the Paleo Diet Rights and/or wrongfully sold or assigned the Paleo Diet Rights to Defendant TPD, without compensation to the Company and in violation of the Operating Agreement and his duty of loyalty and duty to act in good faith and fair dealing.

46.     Defendant failed to refrain from dealing with the Company in winding up the Company as or on behalf of a party having an interest adverse to the Company and improperly benefitted from selling or assigning all of the Company's assets to himself and/or his company, Defendant TPD, without Plaintiff's knowledge or consent, at no or unreasonably low prices.

47.     Defendant Cordain changed the designation on two of The Company websites, www.ThePaleoDiet.com and www.DietaryAcneCure.com, to Defendant TPD, without Plaintiffs knowledge or consent.

48.     Defendant Cordain and/or Defendant TPD also knowingly obtained or exercised control over certain Company assets without authorization, or by deception, and with intent to deprive the Company of such use or benefit of these assets permanently or by knowingly using, concealing, abandoning, obtaining or exercising control in such manner as to deprive the Company permanently of its

use or benefit over the following Company's assets, including but not limited to, certain intellectual property including the Company's marks registered with the United State Patent and Trademark Office and the Company's websites (including content) and domain names, www.ThePaleoDiet.com and www.DietaryAcneCure.com, and the Paleo Diet Rights, as well as Company newsletters, programs, DVDs, audios, videos, manuals, eating guide and other Company products, without Plaintiffs knowledge or consent.

49.    The acts described above in the preceding paragraphs are acts which either directly infringe the registered trademarks properly owned by the Paleo Diet Enterprises, LLC or dilute the value of the trademarks owned by Paleo Diet Enterprises, LLC and thereby damage the financial interest of the Plaintiff, Wiley Long. The acts of Defendants recited cause confusion, or cause mistake, or deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of their goods, services, or commercial activities by Plaintiff.

50.    In liquidating the business, Defendant Cordain has a duty to sell all of its assets for the best price available and, upon information and belief, Defendant Cordain wrongfully liquidating the Company's assets, including selling, transferring or disposing of certain assets without any plan of dissolution, without obtaining fair market value for its assets and by retaining valuable assets for himself and his own use.

51.     Defendant Cordain has also failed and refused to provide Plaintiff with any information about any sale of the assets, a dissolution plan or any financial information until after it sold, transferred, distributed and/or assigned such assets.

52.     Upon information and belief, Defendant Cordain also improperly retained and failed to report and account for the Company profits, including book sales.

53.     By communications dated, *inter alia*, December 23, 2010, January 25, 2011, February 8, 2011, Plaintiff had demanded the Company's sole manager, Defendant Cordain, to take certain action, including but not limited to, provide a copy of business and financial records, provide a copy of the dissolution plan, provide a listing of the assets, provide a copy of business and financial records.

54.     Defendant Cordain, on behalf of the Company, failed and refused to timely provide a suitable dissolution plan, its complete business or financial records and a complete listing of assets, despite Plaintiff's requests.

55.     On or about May 30, 2012, Defendant The Paleo Diet, LLC also filed a trademark application with the USPTO for the mark The Paleo Diet, Serial Number 85638256, in certain categories of Good and Services, including but not limited to: 1) dietary and nutritional supplements in the form of gels for energy; 2) meats, trail mix and snack bars; a3) dried herbs, seasonings and spices, condiments; 4) fresh herbs and seasonings and fresh fruit and vegetables; and 5) sport drinks ("TPD Mark").   A true and accurate copy of the application is attached as Exhibit 2.   The TPD Mark dilutes Plaintiff Paleo Diet Enterprises, LLC's marks.

56. Plaintiff has made written demand upon the Company to take suitable action and the Company has failed to take such action.

57. At least 30 days have expired from the date of such demands and the Company has failed to comply with such demand or, in the alternative, demand is not required due to irreparable harm would result to the Company for waiting for the 30 day time period.

58. Further, to the extent required by law, any demand on the Company would have been futile since Defendant Cordain is the sole manager of the Company and the majority member and it is alleged that Defendant Cordain is the party that committed the wrongs asserted in this Complaint. Thus, any demand is not required.

59. Plaintiff, being the only other member of the Company, fairly and adequately represents the members similarly situated in enforcing the rights of the Company against Defendant Cordain.

### FIRST CLAIM FOR RELIEF
**Trademark and Tradename Dilution/Unfair Competition/**
**False Designation of Origin under Lanham Act and Common Law**
**(Defendant Cordain and Defendant The Paleo Diet Enterprises, LLC)**

60. Plaintiffs incorporate by reference the above paragraphs as if fully set forth herein.

61. The Company filed applications to register three marks with the USPTO on or about June 6, 2007. Two marks were registered and the third application pending as of December 31, 2010. On or about December 31, 2010, Defendant

Cordain assigned and transferred the marks to Defendant TPD and recorded the assignments with the USPTO on or about January 4, 2011 (collectively "Assignment").

62.     The Assignment was fraudulent or otherwise unlawful since, *inter alia*, the Assignment was made without Plaintiff Long's knowledge or consent, the intent of the Assignment was to deprive the Company of such marks and Plaintiff Long of his investment in the Company and the goodwill of the mark was not assigned with the mark until approximately February 28, 2011, when the Bill of Sale was executed and was made with little or no consideration.

63.     Defendants fraudulently and/or wrongfully assigned or otherwise transferred the registrations of the trademarks and the trademarks, appropriated the logos and transferred the website for The Paleo Diet, belonging to Paleo Diet Enterprises, LLC, to himself and his alter-ego company , The Paleo Diet, LLC and have continued selling goods and/or services via the website with trademarks and logos in connection therewith which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of such goods, services, or commercial activities.

64.     Defendants have taken such act in an effort to trade on the enormous popularity of the famous Paleo Diet Enterprises logos and trademark.  In so doing Defendants are willfully violating Plaintiffs' intellectual property rights in a

deliberate effort to trade on Paleo Diet Enterprises, LLC's hard-earned reputation and goodwill.

65.    Defendants are thus commencing the use of the Company's marks and trade names in commerce that is likely to cause dilution by blurring or dilution by tarnishment of the marks and trade names and are creating consumer confusion with a false designation of origin, competing unfairly with Plaintiff and infringing Plaintiff's trademark rights and to Plaintiff Wiley Long's investment in Paleo Diet Enterprises, LLC.

66.    As a direct and proximate result of Defendants' acts and omissions, Plaintiffs have suffered damages and is entitled to recover all damages, attorney fees and costs and such other and further damages and amounts as may be proven at trial to the extent permitted under law.

### SECOND CLAIM FOR RELIEF
### Trademark Infringement and False/Fraudulent Registration
### (Defendant Cordain and Defendant The Paleo Diet Enterprises, LLC)

67.    Plaintiffs incorporate by reference the above paragraphs as if fully set forth herein.

68.    The Company filed applications for three marks with the USPTO on or about June 6, 2007 and a protectable interest in its marks and two marks were registered.

69.    On or about December 31, 2010, Defendant Cordain fraudulently or otherwise unlawfully assigned and transferred the marks to Defendant TPD and

recorded the assignment with the USPTO on or about January 4, 2011

("Assignment").

70.     Defendants have wrongfully used the marks and trade names (including the websites and website names) in commerce in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive and such acts were committed with knowledge that such imitation is intended to be used to cause confusion, or to cause mistake, or to deceive and/or Defendants wrongfully reproduced, counterfeited, copied, or colorably imitated a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive.  In so doing Defendants are willfully violating Plaintiff's intellectual property rights in a deliberate effort to trade on Paleo Diet Enterprises, LLC's hard-earned reputation and goodwill.

71.     Defendants are thus infringing on Plaintiff's trademark and trade name rights and damaging and/or impairing Plaintiff Wiley Long's investment in Paleo Diet Enterprises, LLC.

72.     As a direct and proximate result of Defendants' acts and omissions, Plaintiffs have suffered damages and is entitled to recover all damages, attorney

fees and costs and such other and further damages and amounts as may be proven at trial to the extent permitted under law.

### THIRD CLAIM FOR RELIEF
### Breach of Contractual and Legal Duties
### (Defendant Cordain)

73.     Plaintiffs incorporate by reference the above paragraphs as if fully set forth herein.

74.     Defendant Cordain owed certain contractual and legal duties to Plaintiffs, including but not limited to, act in good faith and fair dealing, not engage in self-dealing, provide access to business and financial records, and to comply with the Operating Agreement.

75.     Defendant Cordain breached the Operating Agreement and his duties and obligations to Plaintiff by, *inter alia*, engaging in self-dealing and distributing assets in kind to himself, not acting in good faith and fair dealing, failing and refusing to provide Plaintiff with full and proper access to the Company's business and financial records and by not providing a timely and full accounting of the business.

76.     As a direct and proximate result of Defendant Cordain's actions and omissions, Plaintiff has suffered damages, pre- and post judgment interest, attorney fees and costs and such other and further damages as may be proven at trial.   In addition, Plaintiff is entitled to its costs and reasonable attorney fees pursuant to Article 12 of the Operating Agreement.

### FOURTH CLAIM FOR RELIEF
**Demand For Accounting**
**(Defendant Cordain)**

77.     Plaintiff incorporates by reference the above paragraphs as if fully set forth herein.

78.     Pursuant to the Operating Agreement, and as otherwise provided under Colorado law, Plaintiff, as a member of the Company, is entitled to inspect and copy the Company's records, including but not limited to, a full accounting of the business, true and full information regarding the business and financial condition of the Company and all other information that is just and reasonable.

79.     Plaintiff has made repeated requests for such information and Defendant Cordain, as manager, has failed to timely and fully provide such information.

80.     Plaintiff is entitled to an order that Defendant Cordain be required to provide Plaintiff with all business and financial records from The Company since October 2009, including all contracts, agreements, invoices, receipts, sales records, bank statements and all other financial records.

81.     As a direct and proximate result of Defendant Cordain's actions and omissions, Plaintiff has suffered damages (including royalties and other copyright damages), pre- and post judgment interest, attorney fees and costs and such other and further damages as may be proven at trial.  In addition, Plaintiff is entitled to its costs and reasonable attorney fees pursuant to the Operating Agreement.

## FIFTH CLAIM FOR RELIEF
### Derivative Claim on Behalf of Company
### Breach of Legal Duties
### (Defendant Cordain and Defendant TPD)

82.    Plaintiffs incorporate by reference the above paragraphs as if fully set forth herein.

83.    Defendant Cordain, as manager and member, owed certain duties and fiduciary and legal obligations and duties to the Company under the Operating Agreement, by law or otherwise, including but not limited to, the duty of loyalty, the duty to act in good faith and fair dealing, the duty not to engage in self-dealing and the duty to act in the best interest of the business as manager during the in the conduct of the business and during dissolution and winding down the Company.

84.    Defendant Cordain breached his duties and obligations to the Company by, *inter alia*:

a.    ceasing certain business operations (such as the implementation program) after Plaintiff resigned as Manager;

b.    mismanaging the business and failing to properly implement, market, sell Company products and services and otherwise operate the business in the best interest of the Company;

c.    engaging in self-dealing and appropriating the Company's business opportunities and assets which belonged to the Company;

d.    failing and refusing to provide Plaintiff with access to the Company's business and financial records;

e.      failing to account for sales and other income belonging to the Company;

f.      revoking, cancelling or otherwise letting the Paleo Diet Rights be terminated and allowing the resulting Paleo Diet Rights be returned to Defendant Cordain or his assignee without compensation;

g.      failing to have a sufficient dissolution plan until after many of the Company's assets were assigned, sold or otherwise transferred to Defendant Cordain or Defendant TPD;

h.      claiming that the business had no intellectual property without informing Plaintiff that he had already kept for himself or transferred certain intellectual property owned by the Company to Defendant TPD;

i.      failing to disclose and account for all assets in its dissolution plan and bill of sale;

j.      engaging in self-dealing, unlawful distributions and assigning/selling/distributing or otherwise transferring the Company's assets to himself or to Defendant TPD in kind, for no or unreasonably low compensation in violation of the Operating Agreement and Colorado law;

k.      failing to properly wind down the Company and obtain the highest fair market value for the business assets.

85.      As a direct and proximate result of Defendant Cordain's actions and omissions, the Company has suffered damages, pre- and post judgment interest, attorney fees and costs and such other and further damages as may be proven at

trial.  In addition, Plaintiff is entitled to its costs and reasonable attorney fees pursuant to Article 12 of the Operating Agreement and/or by law for pursuing this derivative action.

86.     The Company is also entitled to an order requiring that Defendants Cordain and TPD return all of the Company's assets and disgorge all profits, royalties and other income and benefits it obtained from the Company's assets.

### SIXTH CLAIM FOR RELIEF
### Violation of Colorado Consumer Protection Act (C.R.S. 6-1-101 et seq.)
### (Defendant Cordain and Defendant The Paleo Diet, LLC)

87.     Plaintiffs incorporate by reference the above paragraphs as if fully set forth herein.

88.     Defendants engaged in a deceptive trade practice when, in the course of their business, vocation or occupation, in bad faith, knowingly passed off goods, services or property as those of another and/or knowingly makes a false representation as to the source, sponsorship or approval of such goods, services or property and/or knowingly makes a false representation as to affiliation, connection or association with or certification by another.

89.     Such acts or omissions of Defendants significantly impacted the public as actual or potential consumers of such goods, services or property.

90.     As a direct and proximate result of Defendants acts or omissions, Plaintiffs suffered injury/damage and is entitled to an award of its damages and to the extent allowed by law, attorney fees, costs, treble damages and all other amounts permitted by law.

WHEREFORE, Plaintiff prays for judgment in its favor and in favor of Defendant The Paleo Diet Enterprises, LLC and against the Defendant Cordain and Defendant TPD as set forth above and for:

a.      For compensatory damages in an amount to be proven at trial;

b.      For all interest allowed by law, including pre- and post-judgment interest;

c.      For attorneys' fees and costs and, to the extent permitted by law, treble damages;

d.      For an order that Defendants Cordain and TPD be temporarily restrained and preliminarily and permanently enjoined from infringing on Plaintiff's trademarks in any manner;

e.      For an order that Defendants return the marks to Plaintiff Paleo Diet Enterprises, LLC, including all necessary documentation in the U.S. Patent and Trademark Office;

f.      For an order reinstating Paleo Diet Enterprises, LLC and return of its assets;

g.      For an award in favor of Plaintiffs for their actual damages and the profits of Defendants that are attributable to Defendants' acts of infringement;

h.      For such other and further relief as warranted by the facts and law and just under the circumstances.

DATED this 20th day of December, 2013.

Respectfully submitted,


/s/ Walter A. Winslow
Walter A. Winslow, CO Atty Reg. No. 34783
Winslow Law Firm, LLC
155 E. Boardwalk Drive, Suite 400
Ft Collins, CO 80525
wwinslow@winslow-law.com
PH: (970) 488-1850
Fax: (970) 232-3101
Attorney for Plaintiffs


/s/ David S. Woronoff
David S. Woronoff, CO Atty Reg. No. 17342
Woronoff & Associates Law Firm, LLC
224 Steele Street
Denver, CO 80206
david@woronofflaw.com
PH: (970) 215-9293
Fax: (303) 690-2109
Attorney for Plaintiffs


Plaintiffs' address:
Wiley Long
2261 Shawnee Court
Fort Collins, Colorado 80525

Paleo Diet Enterprises, LLC
6209 Clymer Circle
Fort Collins, CO 80528