IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-3475-RM-BNB

WILEY LONG and
PALEO DIET ENTERPRISES, LLC, a
Colorado Limited Liability Company

Plaintiffs,

    v.

LOREN CORDAIN, and
THE PALEO DIET, LLC, a Colorado Limited
Liability Company,

Defendants.

---

## STIPULATED PROTECTIVE ORDER
---

THIS MATTER having come before the Court on the stipulation of the respective parties concerning the production of certain documents in this action, and the Court being fully advised, enters the following Stipulated Protective Order under Federal Rule of Civil Procedure 26(c), and D.C.COLO.LCivR 7.2(b), limiting access to certain confidential documents to the parties, the witnesses, and the court.

1. This action involves the production and disclosure of documents containing confidential, private information, including trade secrets~~, trade secrets, bank account information, financial information, including QuickBooks information, much of which was previously produced and protected by a similar protective order in Larimer County District Court Case No. 2011 CV 701. The Court orders that such information shall be considered "Confidential"~~ ("Confidential Information"). The term "Confidential Information" shall mean information that is confidential and/or proprietary to the producing party. ~~"Confidential Information" shall include: commercial, financial, budgeting, or accounting information; existing and potential customer information regarding current or prospective sellers and/or buyers for transactions in excess of $500; marketing studies, performance, and projections; business strategies, decisions, or negotiations; personnel compensation, evaluations, or other employment information; confidential information about affiliates, parents, subsidiaries, and third parties with whom the parties to this proceeding have had~~

~~actual or prospective business relationships; bank account numbers; driver's license numbers, social security numbers; medical information; business accounts; confidential agreements, disclosures, and Nondisclosure Agreements; communications between parties who have a duty to keep each other's information confidential; and federal tax identification numbers.~~

2. Any documents produced or exchanged by the parties including written responses to interrogatories, or any of their attorneys, which a party reasonably believes is **Confidential Information** ~~of a sensitive and confidential nature~~ and which information is not publicly available, may be designated as "CONFIDENTIAL," and all copies thereof (hereinafter referred to collectively as "Confidential Information"), shall be treated as confidential and shall not be disclosed except as provided in this Order; PROVIDED, however, that counsel for the party designating information as confidential may, in writing and without Court approval, agree to release any of the Confidential Information from the requirements of this Order.

3. A document may be designated as confidential pursuant to the terms of this Order by affixing to the first page thereof a stamp with the legend "CONFIDENTIAL". If a confidential document consists of multiple pages, each page of the document shall be so stamped or marked. In the alternative, a document may be designated as confidential by written notice to opposing counsel that the document, identified by description or Bates-stamped number, is to be treated as Confidential Information. ~~The QuickBooks information of The Paleo Diet, LLC shall be designated and treated as "CONFIDENTIAL" without the need for further Bates-labeling of independent pages.~~

4. By designating a document, thing, testimony, or other information as "CONFIDENTIAL" in accordance with this Protective Order, the party making such designation certifies that there is a good faith basis in both fact and law for the designation.

5. **A party may object to the designation of particular "CONFIDENTIAL" information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as "CONFIDENTIAL" to file an appropriate motion requesting that the court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as**

**"CONFIDENTIAL" under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as "CONFIDENTIAL" and shall not thereafter be treated as "CONFIDENTIAL" in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as "CONFIDENTIAL" shall bear the burden of establishing that good cause exists for the disputed information to be treated as "CONFIDENTIAL."**

~~Any party wishing to challenge the designation of any document as confidential by the other party may submit objections to the Court for determination. In any proceeding with respect to objections to a confidentiality designation, the party designating the information as confidential shall have the burden of proof as to the confidential nature of the information.~~

6. ~~For purposes of this Protective Order, QuickBooks financial information contained on electronic medium that is exchanged between the parties for forensic analysis may be designated as Confidential Information and such designation will apply to all such information contained in such electronic medium, until such time as the parties agree otherwise or by order of the Court. Information contained on electronic medium that is not relevant to the issues presented in Plaintiff's Complaint or in any Counterclaims will not be shared with the parties to this matter and will be returned immediately to the party producing the information.~~

7. ~~Except as provided for in paragraphs 8 and 9 below, Confidential Information shall be produced only to counsel of record in this action, all of whom, by this Order, agree to be bound by the terms of this Order. Confidential Information may also be produced to any counsel of any other party who joins in this action and who agrees to be subject to the terms herein.~~

8. Information and materials designated "CONFIDENTIAL" pursuant to this Protective Order (including any copies, summaries, excerpts, and abstracts derived therefrom) may be disclosed, directly or indirectly, only to the following persons:
    a. The counsel of record for the parties in this action and their respective associates, clerks, secretaries, legal assistants, employees, agents, contractors and stenographic personnel;
    b. The parties to this action and/or the management, officers, and members of the

       board of directors of a party that are deemed necessary by its counsel to aid in the prosecution, defense, or settlement of this action;

    d. Any court hearing this action and its clerks, secretaries, legal assistants, and stenographic personnel (**"Court Personnel"**);

    e. Court reporters and their respective stenographic and clerical employees employed in this action;

    f. Consultants or experts employed by any party or counsel to assist in the preparation for trial or the trial of this action and any employees or agents deemed necessary to assist such consultant or expert;

    g. All persons identified as the author(s), addressee(s), or recipient(s) of any document designated pursuant to this Protective Order; and

    h. Such other persons as the parties may agree to in writing, or that may be designated by the Court.

10. All persons, other than respective counsel to whom Confidential Information is disclosed **and Court Personnel** shall agree in writing to be bound by the provisions of this Protective Order.

11. A deposition transcript comprising or containing Confidential Information shall be designated "CONFIDENTIAL" by requesting such treatment thereof either on the record at the time of the deposition or by written notice mailed within thirty (30) days after the court reporter completes and serves the transcript(s) to counsel for any party that requested transcript(s).  If confidential treatment of a deposition transcript is requested on the record at the time of the deposition, the requesting party shall instruct the court reporter to stamp or mark each page of the transcript containing the Confidential Information with the terms "CONFIDENTIAL" .  The requesting party may also instruct the court reporter to separately bind such designated pages of the transcript.  If confidential treatment of a transcript is requested by a party by written notice after completion of a deposition, such written notice shall be mailed to all other parties within thirty (30) days after completion and service of the transcript.  Such written notice shall specifically identify by page and line number all portions of the transcript that should be treated as "CONFIDENTIAL" in accordance with this Protective Order.  Documents or things used as exhibits at a deposition that a party desires to be subject to this Protective Order shall be separately stamped or marked "CONFIDENTIAL".

12. Any party may designate documents or things produced by a third party pursuant to a

subpoena as "CONFIDENTIAL" by providing written notice to each other party within ten (10) days of receipt of the documents or things produced by the third party. Such written notice shall specifically identify each document or thing produced by the third party that should be treated as "CONFIDENTIAL" in accordance with this Protective Order.

13. Confidential Information may be used, subject to the terms and conditions of this Protective Order: in support of or in opposition to any motion in this civil action; during any court conference or hearing; during the trial of this civil action; and during any appeal of this civil action.

14. Any **request to restrict access must comply with the requirements of D.C.COLO.LCivR 7.2.** ~~party wishing to use any Confidential Information in any brief, memorandum, affidavit, or other paper filed with the Court shall file all such affidavit(s), exhibit(s), or other paper(s), and any portion of any brief or memorandum referring or alluding to said Confidential Information, under seal, enclosing the document(s) or exhibit(s) in a sealed envelope, labeled with the caption of the case, a brief description of the contents, and a statement that the envelope is sealed pursuant to this Order. In the event that any documents, things, or information designated as "CONFIDENTIAL" are used in any court proceeding in this action, such documents, things, or information shall not lose their designated confidential status through such use, and the parties shall take all reasonable steps to maintain their confidentiality.~~

15. Nothing in this Protective Order shall in any way affect the admissibility of Confidential Information.

16. This Protective Order shall not expand or restrict the rights of any party to either demand the production of any documents, things, or information, or to object to any demand for documents, things, or information, or to withhold any documents, things, or information. Nor shall this Protective Order expand or restrict the rights of any party to seek to have the court compel the production of any documents, things, or information.

17. This Protective Order shall not restrict the rights of any party to use or disseminate any documents, things, or information obtained independently of discovery in this action, whether or not such documents, things, or information are also obtained through discovery. Nothing in this Protective Order shall restrict a party from using, disclosing, or disseminating its own documents, things, or information as it deems appropriate, whether or not such documents, things, or information have been designated "CONFIDENTIAL" in accordance with this Protective Order.

18. Producing or receiving materials or otherwise complying with the terms of this Order shall not:
    a. operate as an admission by any party that any particular discovery material contains or reflects any Confidential Information; or
    b. prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery or otherwise protected from or limited in discovery on the basis of privilege or otherwise; or
    c. prejudice in any way the rights of a party to seek a court determination whether particular discovery materials should be produced; or
    d. prejudice in any way the rights of any party to apply to the Court for any additional protection with respect to the confidentiality of documents or information as that party may consider appropriate.

19. Any party may at any time and for any reason seek modification of this Protective Order. This Protective Order can be modified only by written agreement of the parties or by order of this Court. Each party reserves the right to object to any party's motion or request to modify this Protective Order.

20. ~~The obligation of a party with respect to any particular portion of Confidential Information shall terminate (or shall not attach) when any of the following occurs:~~
    a. ~~It was in the public domain at the time of a party's communication to the other party;~~
    b. ~~It was entered into the public domain through no fault of the party's subsequent to the time of the other party's communication to the first party;~~
    c. ~~It was in one party's possession free of any obligation of confidence at the time of the party's disclosure to the other party;~~
    d. ~~It was independently developed by the receiving party;~~
    e. ~~It is Paleo Diet Enterprises, LLC's information, except to the extent it pertains to the member's personal and financial information.~~

21. At the conclusion of this case, the trial of this case, or any subsequent appeal, the Confidential Information shall be returned to the counsel of record that provided the documents. ~~At such time, a party may challenge the designation of any marked document such that this Protective Order does not apply to such information. The purpose of this challenge is to resolve a dispute among the parties as to whether certain of The Paleo Diet, LLC's information may relate or arise out of Pale Diet Enterprises, LLC's information,~~

~~which the parties have agreed is not confidential.~~

22. This Order shall survive the final determination of this trial and shall remain in full force and effect after conclusion of all proceedings to the extent it governs protection of documents.

Dated September 22, 2014.

                                                 BY THE COURT:

                                                 s/ Boyd N. Boland
                                                 United States Magistrate Judge

**EXHIBIT A**
**Undertaking for Stipulated Protective Order in *Wiley Long et al v. Loren Cordain, et al.,* United States District Court Case No. 13-cv-3475-RM-BNB**

I hereby certify my understanding that Confidential Documents are being provided to me pursuant to the terms and restrictions of the Stipulated Protective Order in *Wiley Long v. Loren Cordain, et al.,* United States District Court Case No. 13-cv-3475-RM-BNB ("Order").

I have been given a copy of that Order and have read it. I agree to be bound by the Order. I will not disclose Confidential Documents and/or information contained therein to anyone, except as allowed by the Order.

I will keep all such Confidential Documents and/or information contained therein in a secure place and in a secure manner to prevent unauthorized access to them. No later than 30 days after the termination of this action, I will return all such Confidential Documents and/or information contained therein, and any copies, notes, extracts, synopses, and/or summaries of such information that I create or that comes within my control to the attorney(s) who first provided them to me, or by whom I have been retained in this matter.

I hereby consent to be subject to the personal jurisdiction of the United States District Court with respect to any proceedings relative to the enforcement of that Order, including without limitation any proceedings related to a contempt of court.

Dated: _____                    By: _____

 

                                                          Title: _____

                                                          Affiliation: _____