**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 13-cv-03475-RM-NYW

WILEY LONG and
PALEO DIET ENTERPRISES, LLC, a Colorado Limited Liability Company,

      Plaintiffs,

v.

LOREN CORDAIN, and
THE PALEO DIET, LLC, a Colorado Limited Liability Company,

      Defendants.

---

**ORDER**

---

      This case arises from disputes relating to the "Paleo Diet."   Plaintiff Wiley Long and

Defendant Loren Cordain were allegedly the 45% and 55% owners, respectively, of Plaintiff Paleo

Diet Enterprises, LLC (the "Company") (Long and the Company, collectively "Plaintiffs").   The

Company, in turn, allegedly owned, among other things, certain trademarks, logos, and copyrights

related to the Paleo Diet.   Plaintiffs allege Cordain wrongfully dissolved the Company and

transferred its assets to The Paleo Diet, LLC (the "TPD"), formed by Cordain upon the dissolution

of the Company.   Plaintiffs have brought federal and state law claims, invoking this Court's

subject matter jurisdiction pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a), 1338(b),

and 1367.   There is, however, a concurrent case pending before the District Court, Larimer

County, Colorado (the "State Court Action") which arises from the same facts and circumstances

as that before this Court.   The parties agree that some form of "abstention" is appropriate, but

disagree as to the appropriate form and scope.   The issue now before the Court is whether this action should be stayed in whole or in part, or dismissed in whole or in part, due to the pendency of the prior filed State Court Action between the parties arising from the same disputes.

Plaintiffs have filed a Motion to Stay Action (ECF No. 105) and the parties have briefed the issue of whether this Court should stay the entire action or decline to exercise supplemental jurisdiction over the state law claims and decide certain pending motions addressed to the federal claims.   Upon consideration of the Motion to Stay and related briefs, the parties' supplemental jurisdiction briefs, the Court file, relevant portions of the State Court Action, the applicable law and statutes, and being otherwise fully advised, the Court: (1) declines to exercise supplemental jurisdiction over the state law claims; and (2) stays the entire remaining action pending resolution of the State Court Action.

## I.       BACKGROUND

In March 2011, Long, individually and derivatively on behalf of the Company, filed the State Court Action against Cordain, the Company, and TPD (collectively, the "State Court Defendants") alleging four state law claims.   (ECF Nos. 105-1, 105-2.)   Those claims are for: (i) Breach of Contractual and Legal Duties – against Cordain; (ii) Demand for Accounting – against Cordain and the Company; (iii) Derivative Claim on behalf of the Company for Breach of Fiduciary Duty and Other Legal Duties – against Cordain and TPD; and (iv) Civil Theft – against Cordain and TPD.   (ECF No. 105-1, 105-2.)

Upon motion filed by the State Court Defendants, the Larimer County District Court dismissed the State Court Action for lack of subject matter jurisdiction, which Long appealed.

According to the Colorado Court of Appeals' decision in *Long v. Cordain,* 343 P.3d 1061 (Colo. App. 2014), in the State Court Action, State Court Defendants argued that Long's state law claims arose under the federal copyright law, over which federal courts have exclusive jurisdiction.   The Larimer County District Court agreed and dismissed Long's claims for lack of subject matter jurisdiction.

Meanwhile, on December 23, 2013, Plaintiffs filed the action before this Court, alleging nine state law and federal claims.   (ECF No. 20.)   In addition to three of the four claims[1] already pending in the State Court Action, Plaintiffs brought claims for: copyright infringement under the Copyright Act (against Cordain and TPD); unfair competition (against Cordain and TPD); trademark/tradename/false designation of origin (against Cordain and TPD); trademark infringement and false/fraudulent registration (against Cordain and TPD); breach of contractual and legal duties (against Cordain); demand for accounting (against Cordain); derivative claim on behalf of the Company – breach of legal duties (against Cordain and TPD); violation of the Colorado Consumer Protection Act (against Cordain and TPD); and fraudulent representation and/or inducement to enter into an operating agreement (against Cordain).

Plaintiffs acknowledge that the State Court Action and the case before this Court arise out of the same set of facts and circumstances.[2]   From the papers, it appears that at the heart of the parties' dispute is what Cordain contributed or transferred to the Company and, accordingly, whether Cordain allegedly improperly transferred or otherwise utilized Company assets or rights.

---

[1] Plaintiffs state they did not assert the civil theft claim before this Court as the statute of limitations had run.   (ECF No. 105, page 2.)

[2] In the State Court Action, Long is suing the Company, but in the action before this Court, Long and the Company are Plaintiffs.   The parties do not argue that the alignment of the parties makes any difference in the analysis of the issues for resolution before the Court; therefore, the Court will assume, without deciding, that it does not.

Under an operating agreement for the Company, Cordain allegedly contributed to the Company "an exclusive license" and a "non-exclusive worldwide license" relating to the Paleo Diet.

On December 31, 2014, the Colorado Court of Appeals reversed and reinstated the State Court Action.   Long, however, nonetheless wishes to proceed with both actions, staying this action pending the resolution of the State Court Action.   The parties in the State Court Action agreed that the Larimer County District Court should rule on pending motions before that case should proceed.   Those motions raised the same or similar issues pending in motions before this Court.   Those State Court Action motions, however, did not address the federal claims addressed in one or more motions pending before this Court.

On August 18, 2015, the Larimer County District Court issued an order addressing the pending motions.   (ECF No. 108-1.)   In that order, the Larimer County District Court issued rulings on some of the issues raised in the motions pending before this Court, such as whether the license Cordain contributed to the Company was terminable at will.   The State Court did not rule on one motion as it was not fully briefed, but ordered the briefing be completed.

## II.   SUPPLEMENTAL JURISDICTION, CLAIM SPLITTING, AND STAY OF PROCEEDINGS UNDER *COLORADO RIVER*

Plaintiffs request the Court to retain supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367, and then stay this entire action pending the resolution of the State Court Action.   Defendants, on the other hand, request this Court to dismiss the state law claims[3] with prejudice, and then proceed to rule on the pending motions as to the federal claims, staying a trial

---

[3] Defendants assert the claim for unfair competition is a state law claim.   (ECF No. 104, page 3.)   An examination of that claim shows it is also brought under the Lanham Act.   (ECF No. 20, ¶¶ 105-111.)   As such, it is not subject to dismissal under § 1367(c)(4).

of any federal claims which remain after the pending motions are resolved.   After careful

consideration of the facts and circumstances of this case, the Court declines to exercise

supplemental jurisdiction over the state law claims and those claims are dismissed without

prejudice.   Further, the Court determines that a stay of the remaining federal claims is appropriate.

### A.  Supplemental Jurisdiction

In this case, Plaintiffs have asserted four federal claims.[4]   In addition, Plaintiffs have

brought five state law claims, three of which are also pending in the State Court Action.   Plaintiffs

contend this Court should exercise supplemental jurisdiction over all of such state law claims,

raising a myriad of reasons, including: (1) the statute of limitations on all or essentially all of

Plaintiffs' state law claims will have run if they are dismissed; (2) several of the state law claims

are not being litigated in the State Court Action and, therefore, having them heard before this Court

"conserves judicial energy and avoids litigation of these claims in more than one court" (ECF No.

106, page 7); (3) litigation on one claim may or will decide an issue dispositive of federal and state

law claims, and it would be convenient to have the parties litigate such facts in one court; (4)

litigation in one court would provide fairness to the parties and witnesses, and avoid multiple

trials; (5) Defendants are likely to seek dismissal of Plaintiffs' claims again in the State Court

Action and if that occurs, Plaintiffs will be deprived of their right to seek redress for their claims if

this Court declines to exercise supplemental jurisdiction; and (6) dismissal now would be

---

[4] By "federal claims," the Court is referring to the claims based on the Copyright Act (First Claim), Unfair Competition (Second Claim), Trademark/Trade Name Dilution/Unfair Competition (Third Claim), and Trademark Infringement and False/Fraudulent Registration (Fourth Claim).   The Court recognizes the Second and Third Claims allege they are brought under the Lanham Act and common law, but those theories are intertwined and should be determined together.

inconvenient and would burden the parties as they have conducted discovery and filed motions on the state and federal claims.

Defendants do not dispute that the Court has supplemental jurisdiction over Plaintiffs' state law claims. They contend dismissal of state law claims is nonetheless appropriate, arguing, generally: (1) Plaintiffs have decided to proceed with their duplicative state law claims in the State Court Action, so there is no purpose to staying these claims as the resolution of such claims in the State Court will be binding on Plaintiffs; (2) allowing Plaintiffs to stay this action allows them to improperly "wait-and-see" which jurisdiction seems the most favorable to them, causes delay and wastes judicial resources; (3) Plaintiffs could have brought the state law claims filed in this Court in the State Court Action; (4) the state law claims should be heard in one forum; and (5) *res judicata* would apply after the litigation of the state law claims in the State Court Action.

The Court finds merit in Defendants' arguments, and is not persuaded by Plaintiffs' arguments. On the contrary, the Court finds some of Plaintiffs' arguments *support* the declination of the exercise of supplemental jurisdiction.

Pursuant to 28 U.S.C. § 1637(a), "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." The district courts may decline to exercise supplemental jurisdiction over state law claims, however, if:

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

"It is well-settled" that supplemental jurisdiction "is a doctrine of discretion, not of plaintiff's right." *Gullickson v. Southwest Airlines Pilots' Ass'n*, 87 F.3d 1176, 1187 (10th Cir. 1996) (quoting *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966)) (internal quotation marks omitted). And, under the express provisions of § 1367(c)(4), the Court may decline to exercise that discretion under "exceptional circumstances." After consideration of several factors, the Court concludes that exceptional circumstances exist to support the declination of the exercise of supplemental jurisdiction in this case. Accordingly, the Court finds the supplemental jurisdiction should be declined.

First, Long is proceeding with his State Court Action, after it was reinstated by the Colorado Court of Appeals, and has just received a ruling from the Larimer County District Court on various motions concerning the merits of his state law claims. Plaintiffs have additional state law claims pending before this Court which were not pled in the State Court Action, but there is no contention that those additional claims could not have been filed in that action in the first instance.[5] Plaintiffs' argument that, should this Court dismiss the state law claims, the statute of limitations is or may be a bar to raising such claims before the Larimer County District Court is unavailing as 28

---

[5] By this statement, the Court is not indicating one way or the other the viability of such claims.

U.S.C. § 1367(d) tolls the statute of limitations while the dismissed claim is pending before this Court and for a period of 30 days after its dismissal, unless state law provides for a longer tolling period. *Jinks v. Richland County*, 538 U.S. 456, 459 (2003); *Estate of Harshman v. Jackson Hole Mountain Resort Corp.*, 379 F.3d 1161, 1168 n.4 (10th Cir. 2004).

Second, Plaintiffs assert they must have a federal forum in which to litigate their claims in the event their State Court Action is dismissed again.   As Defendants implicitly argue, this "wait-and-see" approach appears to be nothing more than improper forum shopping as to the state law claims.[6]   Further, Plaintiffs fail to articulate why they should be allowed to relitigate state law claims after they have already been decided in the State Court Action, or litigate claims which could have been brought in the State Court Action but were not.   In other words, why issue or claim preclusion would not bar litigation – or relitigation – of state law claims.   Moreover, the dismissal of the state law claims would still leave this federal forum available for Plaintiffs to litigate the federal claims.

Finally, allowing the state law claims, along with the federal claims, to go forward before this Court concurrently would waste judicial resources, require the parties to litigate the same set of operative facts in two different forums concurrently, and may result in inconsistent or conflicting results.   If this case is stayed, however, these results may be obviated.   Nonetheless, that begs the question of, once any stay is lifted upon the resolution of the State Court Action, why Plaintiffs should thereafter be allowed to proceed before this Court with state law claims that have been brought and claims which could have been brought in the State Court Action.   The Court

---

[6] The Court recognizes that federal courts have exclusive jurisdiction over claims under the Lanham Act and Copyright Act.   28 U.S.C. § 1338 ("No State court shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents, plant variety protection, or copyrights.").

finds Plaintiffs should not.   Instead, under the facts and circumstances of this case, one forum should hear all the state law claims.

In addition to the existence of exceptional circumstances, the Supreme Court and the Tenth Circuit have stated that "the justification for the exercise of supplemental jurisdiction: lies in considerations of judicial economy, convenience, and fairness to litigants; if these are not present a federal court should hesitate to exercise jurisdiction over state claims even though bound to apply state law to them."   *Gullickson*, 87 F.3d at 1187 (quoting *Gibbs*, 383 U.S. at 726).   As indicated above, the interests of judicial economy would not be served by retaining jurisdiction over the state law claims.   There have already been rulings in the State Court Action on issues pending before this Court.   Judicial economy favors resolving all state law claims in one forum.   As for convenience and fairness to the litigants, Plaintiffs contend dismissal[7] of the state law claims now would burden the parties, as discovery has been completed and motions have been filed. Plaintiffs' contention cannot withstand scrutiny where there is no contention that discovery conducted in this case may not be used in the State Court Action.   Indeed, the Larimer County District Court relied, in part, on discovery conducted before this Court in determining to deny Long's request for additional time to conduct discovery before completing briefing on a pending motion.   Moreover, as stated, some of the issues in the motions pending before this Court have already been decided by the Larimer County District Court in similar motions.   Accordingly, the Court finds considerations of judicial economy, convenience, and fairness to the litigants warrant the declination of the exercise supplemental jurisdiction in this case as to the state law claims.

---

[7] Defendants argue for dismissal with prejudice, but such a dismissal would be improper.   *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1218 (10th Cir. 2006) ("[D]ismissal for lack of jurisdiction [should] be entered without prejudice.").

### B.   Claim Splitting

Defendants contend the dismissal of Plaintiffs' state law claims is also appropriate as Plaintiffs have impermissibly "split" their claim.   Plaintiffs contend that where the causes of actions are filed in separate courts, there can be no impermissible claim-splitting.   The Court does not necessarily read the cases so narrowly.   While the two Tenth Circuit decisions arise from cases which were pending in the same district court, the Tenth Circuit's holding was not so limited. *Hartsel Springs Ranch of Colo., Inc. v. Bluegreen Corp.*, 296 F.3d 982, 900 (10th Cir. 2002); *Katz v. Gerardi*, 655 F.3d 1212, 1217 (10th Cir. 2011).   Nonetheless, the United States Supreme Court in *The Haytian Republic*, 154 U.S. 118, 123 (1894), upon which *Katz* and *Hartsel Springs Ranch* relied, asked if the doctrine should be applied to "the pendency of suits in district courts of the United States, sitting in different states," raising the issue of whether the doctrine may be limited to pending federal actions, regardless of whether they were in the same district.   Regardless, in light of the Court's determination that dismissal is warranted under § 1367(c)(4), it need not reach this issue or whether claim-splitting applies in the context of this case.

### C.   Stay under *Colorado River*[8]

Plaintiffs request a stay of this entire action under *Colorado River*.   Under *Colorado River*, circumstances permitting the stay or dismissal "of a federal suit due to the presence of a concurrent state proceeding for reasons of wise judicial administration are considerably more limited than the circumstances appropriate for abstention."   *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 818 (1976); *Moses H. Cone Memorial Hosp. v. Mercury*

---

[8] Defendants also rely on *Colorado River* for their request to dismiss the state law claims.   In light of this Court's determination that exceptional circumstances exists under 28 U.S.C. § 1367(c)(4) to support the dismissal of the state law claims, it need not decide whether dismissal would also be appropriate under *Colorado River.*

*Constr. Corp.*, 460 U.S. 1, 15 (1983). "The former circumstances, though exceptional, do nevertheless exist." *Colorado River*, 424 U.S. at 818.

In assessing whether exceptional circumstances exists, the Supreme Court has identified several nonexclusive factors for the courts to consider in determining whether to decline or defer exercising jurisdiction, including: (1) whether the state or federal court has assumed jurisdiction over disputed property; (2) the inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which jurisdiction was obtained by the concurrent forums; (5) the vexatious or reactive nature of either the federal or state litigation; (6) whether federal law provides the rule of decision on the merits; and (7) the adequacy of the state-court proceedings to protect the federal plaintiff's rights. *Colorado River*, 424 U.S. at 818; *Moses*, 460 U.S. at 17 n.20, 23, 26; *Fox v. Maulding*, 16 F.3d 1079, 1082 (10th Cir. 1994). Impermissible forum-shopping by the party opposing abstention may also be a consideration. *See Fox*, 16 F.3d at 1082. "[T]he decision whether to dismiss a federal action because of parallel state-court litigation does not rest on a mechanical checklist, but on a careful balancing of the important factors as they apply in a given case, with the balance heavily weighted in favor of the exercise of jurisdiction. The weight to be given to any one factor may vary greatly from case to case, depending on the particular setting of the case." *Moses*, 460 U.S. at 16. The Court's "task is to ascertain whether there exist 'exceptional' circumstances, the 'clearest of justifications,' that can suffice under *Colorado River* to justify the surrender of that [federal] jurisdiction." *Moses*, 460 U.S. at 25-26.

"When a district court decides to dismiss or stay under *Colorado River*, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and

prompt resolution of the issues between the parties. If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all. … Thus, the decision to invoke *Colorado River* necessarily contemplates that the federal court will have nothing further to do in resolving any substantive part of the case, whether it stays or dismisses." *Moses*, 460 U.S. at 28.

Before examining the nonexclusive factors, "a federal court must first determine whether the state and federal proceedings are parallel." *Fox,* 16 F.3d at 1081; *Allen v. Board of Educ., Unified School Dist. 436,* 68 F.3d 401, 403 (10th Cir. 1995). "'Suits are parallel if substantially the same parties litigate substantially the same issues in different forums.'" *Fox,* 16 F.3d at 1081 (quoting *New Beckley Mining Corp. v. International Union, UMWA*, 946 F.2d 1072, 1073 (4th Cir. 1991)). Plaintiffs argue the concurrent proceedings are parallel, and Defendants do not argue otherwise; therefore, the Court will assume, without deciding, that they are.

An examination of the nonexclusive factors shows that a stay is warranted. First, in this case, the two concurrent actions do not cause the Colorado court or this Court to assume simultaneous jurisdiction over a single res, as there is no res at issue.[9] Thus, this factor is inapplicable. Next, Plaintiffs contend the federal forum is less convenient as the parties and most of the witnesses are located in Larimer County. The Court finds this forum may be less convenient, but only slightly so as Denver, Colorado, is not so far from Larimer County. Thus, this factor only weighs slightly in favor of a stay. Third, the desirability of avoiding piecemeal

---

[9] Plaintiffs argue that the property at issue is their damages arising from Defendants' alleged wrongful conduct. (ECF No. 105, page 4.) However, that is not the type of property considered under the first factor. *See D.A. Osguthorpe Family Partnership v. ASC Utah, Inc.,* 705 F.3d 1223, 1234 (10th Cir. 2013) ("[T]he first of the *Colorado River* factors does not apply to this case. Neither the state nor district court has acquired jurisdiction over property in the course of this litigation. That is to say, this is not an action in rem or quasi in rem.").

litigation strongly favors a stay.   Here, allowing the parties to litigate the state law issues and claims in the State Court Action while staying the case before this Court will not only avoid litigating the same issues in both courts, saving time, expense and judicial resources, but also avoid the potential of having contradictory or inconsistent factual findings.

Fourth, as for the order in which jurisdiction was obtained, the State Court Action was filed first, although Plaintiffs' claims were dismissed and not reinstated until December 2014.   Priority of the actions, however, "should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions."   *Moses* , 460 U.S. at 21.   Here, the papers show the State Court Action has proceeded substantially, with substantive, dispositive motions filed before the State Court for which the parties have received a ruling on some of the very same issues pending for resolution before this Court.   There are, however, other issues pending in the motions before this Court and a trial date has been set.   Nonetheless, the trial date was recently set with the parties' understanding that a stay or dismissal of all or a part of this action may be forthcoming.   Furthermore, the exclusively federal issues are interspersed with – and may be impacted by – state law issues in many of the pending motions.   Accordingly, this factor weighs in favor of a stay.

Fifth, the vexatious or reactive nature of either the federal or state litigation is essentially neutral.   Sixth, federal law provides the rule of decision on the merits of the federal claims and this would usually weigh heavily against a stay.   As Defendants argue, the State Court cannot hear the federal claims.   Nonetheless, this is not a usual case because the determination of some of the issues on the state law claims appears likely to impact the determination of the federal claims.   As

for the adequacy of the state-court proceedings to protect the federal plaintiff's rights, here, Long

chose to file in state court first and it is Long who seeks a stay of this action pending a

determination of the State Court Action.   Thus, Plaintiffs believe the state-court proceedings will

adequately protect their rights.   In light of the consideration of all these factors, the Court finds

that a stay is appropriate as to the remaining claims.[10]

### D.  Stay under *String Cheese*

In addition to requesting a stay under *Colorado River*, Plaintiffs request a stay under *String*

*Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 1:02-cv-01934-LTB-PA, 2006 WL 894955 (D.

Colo. March 30, 2006).   Assuming, *arguendo*, that the *String Cheese* factors apply to determine

whether a stay is appropriate under the facts and circumstances in this case, the Court finds it need

not address this issue in light of its finding that a stay is appropriate under *Colorado River*.

## III.   CONCLUSION

Based on the foregoing, the Court declines to exercise supplemental jurisdiction over the

state law claims, but will stay this action pending resolution of the State Court Action.   However,

the Court is mindful that a change in facts and circumstances may show good cause for the lifting,

or modification, of this stay and the parties are not precluded from seeking relief from this Court

upon such a showing.   It is therefore ORDERED

(1) That the following state law claims are dismissed without prejudice: (i) Breach of

Contractual and Legal Duties (Fifth Claim for Relief); (ii) Demand for Accounting

(Sixth Claim for Relief); (iii) Derivative Claim on Behalf of Company – Breach of

---

[10]  Assuming this factor is relevant as Plaintiffs are not opposing abstention, the Court does not find impermissible forum shopping as to the federal claims because they could not have been brought in the State Court Action.

Legal Duties (Seventh Claim for Relief); (iv) Violation of the Colorado Consumer

Protection Act (Eighth Claim for Relief); and (v) Fraudulent Representation and/or

Inducement to Enter into Agreement (Ninth Claim for Relief);

(2) That Plaintiffs' Motion to Stay (ECF No. 105) is GRANTED as to the remaining

claims pending the resolution of the State Court Action;

(3) That Plaintiffs' Motion for Partial Summary Judgment on Liability (ECF No. 71) is

DENIED as MOOT;

(4) That Defendants' Motions (ECF Nos. 22, 62, 74) are DENIED as MOOT as to any

dismissed state law claims and DENIED without prejudice with leave to refile as to any

remaining claims, as appropriate in light of what issues remain, upon the lifting of the

stay of this matter;

(5) That Plaintiffs' Motion to Strike Defendants' Expert Disclosure or, in the Alternative,

Motion for an Extension of Time (ECF No. 31) is DENIED without prejudice, with

leave to refile as appropriate in light of what issues remain upon the lifting of the stay

of this matter;

(6) That Defendants' Motion to Strike Expert Testimony of Plaintiffs' Damages Expert

Witness Pursuant to Fed. R. Evid. 702 (ECF No. 70) is DENIED without prejudice,

with leave to refile as appropriate in light of what issues remain upon the lifting of the

stay of this matter;

(7) That Defendants' Motion to File Sur-reply to Plaintiffs' Reply on Motion to Stay

Action (ECF No. 109) is DENIED as MOOT;

(8)  That the trial preparation conference set for January 7, 2016 and the jury trial set to

begin February 1, 2016 are hereby VACATED; and

(9)  That the parties shall file a status report within ten (10) days of the resolution of the

State Court Action, and advise the Court of the matters and issues which remain

pending for resolution and how the parties wish to proceed in this action, including the

briefing of any motions which the parties wish to file or refile.

DATED this 28th day of August, 2015.

BY THE COURT:

RAYMOND P. MOORE
United States District Judge